1  KEVIN P. MUCK (CSB No. 120918)
   kmuck@fenwick.com
2  MARIE C. BAFUS (CSB No. 258417)
   mbafus@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, CA  94104
   Telephone:     415.875.2300
5  Facsimile:     415.281.1350

6  FELIX S. LEE (CSB No. 197084)
   flee@fenwick.com
7  FENWICK & WEST LLP
   801 California Street
8  Mountain View, CA  94041
   Telephone:     650.988.8500
9  Facsimile:     650.938.5200

10 Attorneys for Defendants
   ShoreTel, Inc., Shane Robison, Don Joos,
11 Marjorie Bowen, Mark Bregman, Kenneth
   Denman, Charles Kissner, Constance Skidmore
12 and Josef Vejvoda

13

14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

17 LOUIS SCARANTINO, Individually and on        Case No.: 17-cv-4857-YGR
   Behalf of All Others Similarly Situated,
18                                              **STIPULATION AND [~~PROPOSED~~]**
                  Plaintiff,                    **ORDER VOLUNTARILY DISMISSING**
19                                              **ACTION AS MOOT PURSUANT TO**
         v.                                     **FED. R. CIV. P. 41(a)(1)(A)(ii)**
20
   SHORETEL, INC., SHANE ROBISON, DON
21 JOOS, MARJORIE BOWEN, MARK
   BREGMAN, KENNETH DENMAN,
22 CHARLES KISSNER, CONSTANCE
   SKIDMORE, JOSEF VEJVODA, MITEL US
23 HOLDINGS, INC., SHELBY ACQUISITION
   CORPORATION, and MITEL NETWORKS
24 CORPORATION,

25                Defendants.

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## STIPULATION OF DISMISSAL

2      WHEREAS, on August 21, 2017, Plaintiff Louis Scarantino filed the above-captioned

3 action (the "Scarantino Action");

4      WHEREAS, five other substantially similar actions have been filed in this Court, styled

5 *Frydman v. ShoreTel, Inc., et al.*, Case No. 4:17-cv-04865-BLF (the "Frydman Action"), *Mozee v.*

6 *ShoreTel, Inc., et al.*, Case No. 4:17-cv-04888-HSG (the "Mozee Action"), *Simonson v. ShoreTel,*

7 *Inc., et al.*, Case No. 3:17-cv-04931-WHA (the "Simonson Action"), *Herrera v. ShoreTel, Inc., et*

8 *al.*, Case No. 3:17-cv-04988-WHO (the "Herrera Action"), and *De Angelis v. ShoreTel, Inc., et al.*,

9 Case No. 3:17-cv-05091-WHO (the "De Angelis Action"), all of which are collectively referred to

10 with the Scarantino Action as the "Actions";

11      WHEREAS, the Actions challenged disclosures made in connection with the proposed

12 acquisition of ShoreTel, Inc. ("ShoreTel"), by Mitel Networks Corporation and its subsidiaries

13 (collectively, "Mitel"), pursuant to a definitive agreement and plan of merger filed with the United

14 States Securities and Exchange Commission ("SEC") on or around July 26, 2017 (the

15 "Transaction");

16      WHEREAS, the Actions asserted claims for, *inter alia*, Defendants' alleged violations of

17 Sections 14 and 20(a) of the Securities Exchange Act of 1934 in ShoreTel's Solicitation/

18 Recommendation Statement (the "Solicitation Statement"), filed with the SEC on or around

19 August 17, 2017;

20      WHEREAS, Defendants deny that Plaintiffs have asserted any meritorious claim, deny that

21 the Solicitation Statement contained any misstatement or omission, and deny that any further

22 information is required under any federal or state law;

23      WHEREAS, on September 8, 2017, ShoreTel filed an amendment to the Solicitation

24 Statement that included certain additional information relating to the Transaction that addressed

25 and mooted claims regarding the sufficiency of the disclosures in the Solicitation Statement as

26 alleged in the Actions (the "Supplemental Disclosures");

27      WHEREAS, Plaintiff Scarantino's counsel believes they may assert a claim for a fee in

28 connection with the prosecution of the Scarantino Action and the issuance of the Supplemental

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Disclosures, and have informed Defendants of their intention to petition the Court for such a fee if

2   their claim cannot be resolved through negotiations between counsel for Plaintiffs in the Actions

3   and Defendants (the "Fee Application");

4          WHEREAS, for the sake of judicial economy and the convenience of all parties, counsel

5   for plaintiffs in all of the Actions have coordinated their efforts and intend to file any Fee

6   Application jointly in the Scarantino Action, which was the first-filed of the Actions;

7          WHEREAS, all of the Defendants in the Actions reserve all rights, arguments and

8   defenses, including the right to oppose any potential Fee Application and the right to dispute

9   which Court should address any Fee Application;

10         WHEREAS, no class has been certified in the Actions;

11         WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly

12   or indirectly to Plaintiff Scarantino or his attorneys and no promise, understanding, or agreement

13   to give any such compensation has been made, nor have the parties had any discussions

14   concerning the amount of any mootness fee application;

15         NOW, THEREFORE, subject to the approval of the Court, the parties stipulate and agree

16   as follows:

17         1.      The Scarantino Action is dismissed, all claims asserted therein are dismissed with

18   prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without

19   prejudice.

20         2.      Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a

21   putative class, notice of this dismissal is not required.

22         3.      If a Fee Application becomes necessary, Plaintiff Scarantino's counsel may seek a

23   fee by filing, jointly with counsel for plaintiffs in the other Actions, a Fee Application in this

24   action, and the Court will retain jurisdiction, as appropriate, for that joint Fee Application.

25         4.      This Stipulation, and any Order thereon, are made without prejudice to any right,

26   position, claim or defense any party may assert with respect to the Fee Application, which

27   includes the Defendants' right to oppose the Fee Application and the right to dispute which Court

28   should address any Fee Application.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

Dated:    September 22, 2017

LEVI & KORSINSKY, LLP
RIGRODSKY & LONG, P.A.

3

4

By____/s/ *Rosemary M. Rivas*_____
          Rosemary M. Rivas

5

Attorneys for Plaintiff Louis Scarantino

6

7

8

Dated:    September 22, 2017

FENWICK & WEST LLP

9

10

By____/s/ *Kevin P. Muck*_____
          Kevin P. Muck

11

12

Attorneys for Defendants ShoreTel, Inc., Shane
Robison, Don Joos, Marjorie Bowen, Mark
Bregman, Kenneth Denman, Charles Kissner,
Constance Skidmore and Josef Vejvoda

13

14

15

Dated:    September 22, 2017

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

16

17

By____/s/ *Andrew Gordon*_____
          Andrew Gordon

18

19

Attorneys for Defendants Mitel US Holdings, Inc.,
Shelby Acquisition Corporation and Mitel Networks
Corporation

20

21

\*       \*       \*

22

23

24

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in the filing of this

stipulation.

25

Dated:    September 22, 2017

26

27

_____/s/ *Kevin P. Muck*_____
          Kevin P. Muck

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**[~~PROPOSED~~] ORDER**

2

Pursuant to the foregoing stipulation, IT IS HEREBY ORDERED that:

3

1.      The Scarantino Action is dismissed, all claims asserted therein are dismissed with

4

prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without

5

prejudice.

6

2.      Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a

7

putative class, notice of this dismissal is not required.

8

3.      If a Fee Application becomes necessary, Plaintiff Scarantino's counsel may seek a

9

fee by filing, jointly with counsel for plaintiffs in the other Actions, a Fee Application in this

10

action, and the Court will retain jurisdiction, as appropriate, for that joint Fee Application.

11

4.      This Stipulation, and any Order thereon, are made without prejudice to any right,

12

position, claim or defense any party may assert with respect to the Fee Application, which

13

includes the Defendants' right to oppose the Fee Application and the right to dispute which Court

14

should address any Fee Application.

15

16

Dated:  _September 26, 2017_

_____
The Honorable Yvonne Gonzalez Rogers
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO